UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TODD CURTIS MYERS,                              Civil No. 14-921 (MJD/JJK)

        Petitioner,

v.                                              **REPORT AND RECOMMENDATION**

TOM ROY, Commissioner of
Corrections, MICHELLE SMITH,
Warden, MCF-Stillwater,

        Respondents.

---

This matter is before the Court, United States Magistrate Judge Jeffrey J. Keyes, on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 1).  The case has been referred to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court recommends that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**BACKGROUND**

Petitioner Todd Curtis Myers is an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota.  He filed the Petition for § 2254 relief in this case on April 2, 2014.  The Court conducted an initial Rule 4 review of the Petition and

---

[1] Rule 4 provides that:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

thereafter issued an Order dated April 7, 2014 (Doc. No. 2), deferring the determination on whether the matter would be summarily dismissed. The Court observed that contents of the Petition indicated that the prisoner may not have exhausted his state court remedies, in which case the matter would be not be allowed to proceed. Rather than summarily dismissing the Petition on the initial review, the Petitioner was given the opportunity to file an affidavit clearly showing that he had exhausted all of his available state court remedies, including all state appellate court remedies, for all of the claims presented in his current habeas corpus petition. The Petitioner was further advised that the matter would be summarily dismissed if exhaustion of state court remedies was not shown.

In the course its prior examination of the Petition, the Court reviewed the Petitioner's submissions in a prior case, *Myers v. Miles*, Civ. No. 10-3436 (RHK/JJK), from which the Court became aware that the Petitioner was convicted of criminal sexual conduct in 1993, and was given a suspended sentence that was executed in 2007.[2]

---

[2] *See State v. Myers*, No. A07-1576, 2008 WL 4704850 (Minn.App. 2008) (unpublished opinion), *rev. denied* (Minn. Jan. 20, 2009).

As explained by the Minnesota Court of Appeals:

In 1993, Todd C. Myers pleaded guilty to first-degree and third-degree criminal sexual conduct. The district court imposed consecutive prison sentences of 86 months and 18 months but stayed execution and placed Myers on probation for 15 years. In 2007, the district court revoked Myers's probation and executed the sentences

In its initial Order on Rule 4 review, the Court concluded that Petitioner could not be challenging his 1993 conviction and sentence, or the 2007 proceedings that caused his sentence to be executed, because a petition challenging either of those matters would be barred as "a second or successive petition," based upon the dismissal of his previous federal habeas case with prejudice.  *See* 28 U.S.C. § 2244(b).  Rather, the Court interpreted the instant Petition to be a challenge to some action or ruling by the Minnesota Department of Corrections that has extended the term of his imprisonment.  This interpretation was based on certain vague references in Petitioner's submissions to some more recent Minnesota state habeas corpus proceedings and his apparent dissatisfaction with the handling and/or timing of those state habeas corpus proceedings.

The Petitioner filed a "Habeas Corpus Addendum" on April 9, 2014 (Doc. No. 3) in which he contends that the original 1993 plea agreement was unlawfully modified by the sentencing judge to include a 180-month probationary term.

---

> because Myers failed to complete a chemical-dependency evaluation, failed to remain law-abiding, possessed pornographic material, and used alcohol.  The district court also imposed a five-year term of conditional release.  On appeal, Myers challenges both the revocation of his probation and the term of conditional release.  We conclude that the district court did not abuse its discretion by revoking Myers's probation and executing the sentence or by imposing the five-year term of conditional release and, therefore, affirm.

*Id.* at *1.

Petitioner also challenges an anticipated recommendation that he be designated a level 3 sex offender, based upon disagreement as to a treatment mandate. Finally, he generally alleges that he may not have been given proper credit for jail time.  This Addendum was mailed before issuance of the Court's April 7, 2014 Order and did not provide any information on exhaustion of state court remedies.

Petitioner responded to the Court's Order to show cause on exhaustion by Reply filed on April 23, 2014 (Doc. No. 4).  He argues that state remedies have been attempted, but have been unsuccessful due to the failure of state court judges to properly follow state statutes and guidelines, and that this Court should look to the substance of the application for the writ, rather than adhere to strict procedural rules and labels.  Petitioner goes on to contend that Washington County District Court Judges have failed to follow the Minnesota Code of Judicial Conduct with respect to maintaining independence and impartiality and ensuring his right to be heard.

Petitioner appears to argue that his efforts to properly exhaust state remedies have been thwarted by various events, including the failure of state judges to allow him to proceed without payment of filing fees and the loss of his appeal filings in the prison mail system.  Finally, with the assistance of friends outside the prison, Petitioner was able to file a piecemeal habeas corpus action in Washington County by payment of full filing fee in October 2013 (Doc. No. 4).

The Washington County District Court Judge issued a schedule for written

argument on the state habeas corpus petition on December 5, 2013. The respondent DOC Commissioner was ordered to file a Return to the Petition by January 10, 2014; the Petitioner was ordered to file a Traverse by January 31, 2014, at which time the matter would be under advisement (Reply, Attach. page 9). The Petitioner sent a letter to the court inquiring as to the status of the case on February 18, 2014. By responsive letter dated March 5, 2014, the state court acknowledged receipt of the habeas corpus submissions and advised the prisoner that the matter was under advisement (*Id.* at 8).

The record in the federal habeas corpus action that is presently before this Court contains no state court briefing, no decision by the state court, and no indication that a decision has even been rendered by the state district court. Consequently, the Petitioner has not, and cannot make a showing that he has appealed an adverse decision in all of the state appellate courts. As the Petitioner was previously advised:

> . . . none of the claims presented in Petitioner's current habeas corpus petition can be entertained in federal court, unless he has fully exhausted <u>all</u> of his available state court remedies – including his right to seek appellate review in the Minnesota Court of Appeals and the Minnesota Supreme Court. 28 U.S.C. § 2254(b),(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,. . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one <u>complete</u> round of the State's established appellate review process") (emphasis added.); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (<u>including a state supreme court with powers of discretionary review</u>),

> thereby alerting that court to the federal nature of the claim") (emphasis added).   Plaintiff's current submissions do not show that he has exhausted his state court remedies, by seeking appellate review of his claims in the Minnesota Supreme Court, as O'Sullivan and Baldwin clearly require.
>
> Because Petitioner has not shown that he has exhausted <u>all</u> of his state court remedies – including all of the remedies provided by the state's appeal procedures – the Court cannot address the merits of the claims raised in the present petition.   <u>Petitioner's federal habeas corpus claims cannot be entertained here, unless he first demonstrates that all of his claims have been fairly presented to, and addressed on the merits by, the Minnesota Court of Appeals and the Minnesota Supreme Court</u>.

(Doc. No. 2, Order 2-3).

Petitioner was provided ample opportunity to fully explain how the exhaustion requirement has been satisfied.   To the contrary, his submissions unequivocally show that the exhaustion requirement has not been met.   Petitioner has presented no information to authoritatively advise this Court of the exact nature of the claims presented to the state district court, and it is abundantly clear that the habeas corpus claims could not yet have been properly presented to the state appellate courts.   Also, Petitioner's efforts to portray the state district court's actions as improper or dilatory are unavailing.   By his own representations, the initial attempts to obtain appellate review related only to obtaining IFP status, and did not involve consideration of the actual claims for habeas corpus relief at any court level.   The state habeas corpus action was filed on October 2, 2013, and presentation of claims and arguments to the state district court were completed in January 2014.   There is no indication of undue delay by the state court, and there is no evidence whatsoever that the necessary appeal process has been

commenced.   And finally, to the extent that Petitioner contends that time is of the essence, it appears to this Court that Petitioner has long had knowledge of the sentencing facts and circumstances that form the basis for the claims in this case and he could have brought an action in state court much sooner.[3]

Based on the above, and on all the files, records, and proceedings herein, the Magistrate Judge makes the following:

### RECOMMENDATION

It is **Hereby Recommended** that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b) for failure by Petitioner Todd Curtis Myers to exhaust state court remedies.

Dated:   June 18, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 2, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   Failure to comply with this

---

[3] Indeed, it seems quite likely that the essential facts underlying the claims were known to Petitioner at the time of his initial sentencing in 1993, and at the time of his sentence execution in 2007, and this case is precluded as a second or successive petition.

procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within **fourteen days** after service thereof.   All briefs filed under this rule shall be limited to 3500 words.   A judge shall make a de novo determination of those portions of the Report to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.